IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JANUARY 1999 SESSION



FILED

March 3, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| JASON BRADBURN | ) | |
| | ) | C.C.A. NO. 01C01-9803-CC-00110 |
| Appellant, | ) | |
| | ) | MAURY COUNTY |
| VS. | ) | |
| | ) | HON. JIM T. HAMILTON, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction - Delayed Appeal) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


MICHAEL J. FLANAGAN                   JOHN KNOX WALKUP
95 White Bridge Rd., Suite 208        Attorney General & Reporter
Nashville, TN 37205
                                      DARYL J. BRAND
                                      Asst. Attorney General
                                      John Sevier Bldg.
                                      425 Fifth Ave., North
                                      Nashville, TN  37243-0493


                                      MIKE BOTTOMS
                                      District Attorney General


                                      STELLA L. HARGOVE
                                             -and-
                                      JESSE DURHAM
                                      Asst. District Attomeys General
                                      P.O. Box 1619
                                      Columbia, TN 38401-1619




OPINION FILED:_____



APPEAL DISMISSED



JOHN H. PEAY,
Judge

## O P I N I O N

The petitioner seeks a delayed appeal from the trial court's order revoking his probation. After a review of the record and applicable law, we dismiss the petitioner's appeal.

In April 1994, the petitioner pled guilty to several charges for which he received an effective sentence of twelve years, six years to be served on supervised probation and six years to be served on unsupervised probation. In July 1996, the petitioner was arrested for several other offenses, including possession of marijuana and unlawful possession of a weapon. Four days later, his probation officer filed a probation violation report, alleging that the petitioner had violated his probation by failing to obey the laws, failing to report his new arrest, illegally possessing a weapon, possessing marijuana, and failing to pay all required fees. Following a probation revocation hearing in December 1996, the petitioner's probation was revoked. He did not appeal.

In December 1997, the petitioner filed a petition for post-conviction relief, alleging that his attorney had been ineffective for failing to appeal the probation revocation and for stating at the probation revocation hearing that the petitioner had violated the terms of his probation. By agreed order, the parties "stipulated that prior counsel for the petitioner was not ineffective in his representation," but "agreed . . . that the petitioner is entitled to a delayed appeal upon the revocation of his probation."

The Post-Conviction Procedure Act of 1995 provides that a petitioner who is unconstitutionally denied an appeal from his or her original conviction may seek a delayed appeal from the original conviction, see T.C.A. § 40-30-213(a), but there is no

authority for a delayed appeal from an order revoking probation. The parties' agreed order cannot circumvent the Legislature's clear intention to allow delayed appeals only from original convictions and not from other judgments. The petitioner's attempt to belatedly appeal from the trial court's probation revocation order is unauthorized, and his appeal is accordingly dismissed.[1]

_____
JOHN H. PEAY, Judge


CONCUR:


_____
DAVID H. WELLES, Judge


_____
THOMAS T. WOODALL, Judge

---

[1]We note that even if the petitioner's delayed appeal were authorized by statute, the record contains ample evidence to support the trial court's decision to revoke his probation. Thus, even if we were to consider the merits of the petitioner's appeal, the probation revocation order would be affirmed.